UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                 :
                                                      :
         -v-                                       :        S2 13 Cr. 143 (JMF)
                                                        :
JUDITH P. FADUL et al.,                       :        MEMORANDUM
                                                        :        OPINION AND ORDER
                Defendants.                   :
                                                         :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/12/2014

JESSE M. FURMAN, United States District Judge:

       Paul Edmund Brown and Rebecca Marie Lawrence are charged, along with seven other defendants, in Count One of Superseding Indictment S2 13 Cr. 143 (JMF) with conspiracy to distribute or possess with intent to distribute various controlled substances, including one kilogram or more of heroin and 280 grams or more of cocaine base. (Docket No. 62). The Superseding Indictment includes five other counts, in which co-defendants Judith Fadul and Kenneth Garcia — and no other defendants — are charged with additional offenses. (*Id.*). On January 31, 2014, Brown filed a motion seeking a bill of particulars and severance from the other defendants. (Docket No. 111). On March 10, 2014, Lawrence filed two motions, one seeking a severance as well and one seeking transfer of venue to the District of Vermont. (Docket Nos. 133, 135). Co-defendants Brandy Keate Mitchell, Jesus Mena, and Jayro Custodio have until March 14, 2014, to file any pretrial motions.

       The two motions for a severance are premature. Trial in this case is almost six months away. Further, three of the other defendants — Judith Fadul, Kenneth Garcia, and Yasmin Delarosa — have filed motions to suppress evidence with respect to which the Court held a lengthy hearing and has reserved judgment pending oral argument scheduled for tomorrow. At

this time, therefore, "[t]he Court does not know how many defendants will plead before trial or how other pre-trial motions might limit the scope of the trial." *United States v. Heatley*, No. S2 96 Cr. 515 (SS), 1997 WL 12961, at *4 (S.D.N.Y. Jan. 14, 1997) (Sotomayor, J.); *accord United States v. Rodriguez*, No. 08 Cr. 1311 (RPP), 2009 WL 2569116, at *11 (S.D.N.Y. Aug. 20, 2009).  Accordingly, the two motions for severance are DENIED without prejudice to bringing a new motion for severance **no later than August 1, 2014**.  Further, co-defendants Mitchell, Mena, and Custodio are granted leave to move for severance on the same schedule and shall refrain from filing any such motion by their March 14, 2014 deadline.

Brown's motion for a bill of particulars, on the other hand, is without merit.  Rule 7(f) of the Federal Rules of Criminal Procedure gives a district court discretion to order a bill of particulars "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010).  A defendant's motion for a bill of particulars should be granted only if necessary to allow the defendant to "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)  By contrast, a bill of particulars should not be ordered to "force the Government to 'particularize all of its evidence,'" *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (quoting *United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991)), or if sufficient information has already been produced by the Government, *see United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *see also Bortnovsky*, 820 F.2d at 574. A bill of particulars, in other words, "is not an investigative tool for the defendants." *United States v. Johnson*, 21 F. Supp. 2d 329, 339 (S.D.N.Y. 1998).  "The important question is whether

the information sought is necessary, not whether it is helpful." *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990).

Applying those standards here, there are no grounds for granting Brown's request. The Superseding Indictment and the discovery produced to date (which is summarized in the Government's opposition to Brown's motion (*see* Gov't Mem. Law (Docket No. 129) 3-4)) give Brown sufficient notice of the charges — that is, the nature and identity of the conspiracy — to prepare for trial and interpose a claim of double jeopardy. Among other things, they provide notice of the time frame of the charged conspiracy, the particular narcotics and general quantities involved, some key locations relevant to the charge, and the names and identities of at least eight other alleged co-conspirators. Further, the discovery provides more detailed information concerning Brown's alleged role in the conspiracy, including his role in wiring funds alleged to be narcotics proceeds to Fadul and his role in communicating in furtherance of the conspiracy via text message with other co-conspirators. To the extent that Brown seeks specific information about how the Government will present its case against him, including details about overt acts, dates, relevant locations, and the identities of other co-conspirators, that level of detail is plainly beyond the proper scope of a bill of particulars. *See, e.g.*, *United States v. Molina*, No. 11 Cr. 528 (JFK), 2013 WL 2455922, at *4 (S.D.N.Y. June 5, 2013) (citing cases).

For the foregoing reasons, Brown's motion for a bill of particulars is DENIED and Brown's and Lawrence's motions for severance are DENIED without prejudice. The Court reserves judgment as to Lawrence's motion to transfer venue to the District of Vermont. Per the Court's oral order at the February 4, 2014 pretrial conference, the Government shall file its opposition to that motion (and any motions filed by Mitchell, Mena, and Custodio) no later than March 28, 2014; any replies shall be filed no later than April 4, 2014.

The Clerk of Court is directed to terminate Docket Nos. 111 and 135.

SO ORDERED.

Dated: March 12, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge