**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District
Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

October 14, 2021

By ECF

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:  United States v. Judith P. Fadul, S2 13 Cr. 143 (JMF)**

Dear Judge Furman:

    I write to respectfully request that the Court order the early termination of Judith Fadul's supervised release. The Probation Department consents to this request; the Government takes no position.

    The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, the Court considers the § 3553(a) factors to the extent they are applicable. *Id*.

    By way of background, on August 5, 2014, Ms. Fadul pled guilty to participating in a narcotics distribution conspiracy involving crack, cocaine, and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). According to the Government, her role in the conspiracy, which was led by her codefendant (and former boyfriend) Kenneth Garcia, included "storing and transporting narcotics, as well as receiving the proceeds of [] narcotics sales." Gov't Sent'g Letr. at 2, ECF No. 273. On November 24, 2014, this Court sentenced her to 87 months' imprisonment and three years' supervised release. When imposing sentence, the Court stated:

> I hope that when you get out … you are able to get a job, that you do not go back to the sorts of things that landed you [in prison]. That's going to require discipline on your part . . . . I hope you do that for the sake of your family and yourself.

Hon. Jesse M. Furman  October 14, 2021
United States District Judge  Page 2

Re: United States v. Judith P. Fadul
    S2 13 Cr. 143 (JMF)

Sent'g Tr. at 21–22, ECF No. 293.

Ms. Fadul served her time without incident, completed the RDAP program, and was released to supervision on December 17, 2019. She has now completed 22 months of her supervised release term, with 14 left to serve. In that time, she has complied fully with her conditions. But she has done more than just comply; she has thrived. She has a good, full-time job as an Accounts Receivable Administrator for H.S.C. Management Corp., a real estate management firm in Mount Vernon. She is the supervisor of the rent collection department, which oversees the collection of rents and maintenance payments, and earns $20 an hour. *See* Paystub (Ex. A).

And she has achieved stability in other ways, as well. She lives in a two-bedroom apartment in Riverdale with one of her twin sons, who is now 24 years old. Though it is just the two of them at home, Ms. Fadul maintains close contact with her other three children, who are thankfully all thriving. And she has maintained sobriety—a fact of which she is particularly proud.

As noted, Probation joins in the request for early termination. I present here, with permission, the entirety of Ms. Fadul's Probation Officer's emailed comments to me on the matter:

> I consent to early termination. Fadul's supervision has been favorable. She has been in full compliance of her supervision conditions. Fadul has completed 18 months of 3-year term of supervision.[1]
>
> As part of her sentencing, she completed RDAP and was not a disciplinary problem while incarcerated. Fadul commenced supervision on 12/17/19, and submitted negative results when randomly drug tested.
>
> When released from custody, Fadul was referred to SCAN for drug treatment as part of her sentencing. On 2/12/20, SCAN informed that because Fadul had been drug free since 2013 and completed treatment while in custody, drug treatment was not recommended under supervised release. On 3/3/20, Fadul was transferred to Low Intensity Caseload.

---

[1] As noted, Ms. Fadul has now competed 22 months of her term.

Hon. Jesse M. Furman  
United States District Judge

October 14, 2021  
Page 3

Re: United States v. Judith P. Fadul  
S2 13 Cr. 143 (JMF)

> Because Fadul works in real estate, she was helpful in providing me advice on our homeless population. Specifically, if our clients obtained a housing voucher while in a shelter, they did not need to wait for their case manager to help them find housing, but could take the initiative and search real estate companies for themselves who honor vouchers. This is significant because case managers in shelters have a heavy caseload and every[one] wants their own housing immediately.

Email from USPO Zondra Jackson (Sept. 2, 2021).

Given this impressive performance on supervised release, early termination of Ms. Fadul's supervised release is in the interest of justice. She has demonstrated her rehabilitation by her good conduct, progress, and stability. She has made good on the Court's hopes for her at sentencing.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Jonathan Marvinny  
Jonathan Marvinny  
Assistant Federal Defender  
212.417.8792  
jonathan_marvinny@fd.org

cc: Drew Johnson-Skinner, Esq. (by ECF)  
   Zondra Jackson, U.S.P.O. (by email)

---

The Court is thrilled to hear that Ms. Fadul has been doing so well since completing her sentence and hopes that her progress continues. Application GRANTED. The Clerk of Court is directed to terminate Docket No. 428.

SO ORDERED.

*[signature]*

October 15, 2021